bid for vitrified brick was passed over because of the irresponsibility of the bidder, but by the minutes of the Board of Awards and the Commissioners for Opening Streets, it appears that after having invited bids under which different methods of paving were placed in competition with one another, the competition was then abandoned, and the award made irrespective of it. Again, as in the first kind of competition, the city having made its election to invite competitive bids was bound by it, and it had not the power after having invited the bids, received the proposals and opened them, to then abandon the very competition which it had itself inaugurated, and award the contract irrespective of that competition. Under this form of competition, therefore, equally with the first, the awarding and execution of the contract was ultra vires and void.

A decree will be signed in accordance with the foregoing views granting the relief prayed in the plaintiffs' bill.

culating the bonus to be paid to the State were it not for the fact that Article VII of the same instrument clearly shows an intention to cancel, annul and revoke so much of said capital stock as might, under the scheme of consolidation, represent the prior holdings of the Power Company in the Gas Company's stock. The amount of stock so to be cancelled, and as I am assured by counsel, since actually cancelled, has been definitely ascertained to be $8,542,170, leaving $13,360,088, the amount intended, by the working out of the plan set forth in said agreement and certificate, to be the capitalization of the new corporation.

The law imposes the bonus upon the amount of stock the company is authorized to have. Under the circumstances disclosed in this narr, the consolidated company by its very scheme was to have but $13,360,088 of capital stock. Upon this amount it has paid the proper bonus to the State. In my opinion it is not liable for any further sum. The demurrer to the declaration is therefore sustained.

---

## SUPERIOR COURT OF BALTIMORE CITY.

Filed July 20, 1906.

### STATE OF MARYLAND
### VS.
### THE CONSOLIDATED GAS, ELECTRIC LIGHT AND POWER COMPANY OF BALTIMORE.

*Attorney-General Bryan* for plaintiff.
*Edgar H. Gans* and *W. C. Chesnut* for defendant.

DOBLER, J.—

By Article IV of the Agreement and Certificate of Consolidation the authorized capital stock of the company is stated to be $21,902,258. This amount would undoubtedly be the basis for cal-

---

## SUPERIOR COURT OF BALTIMORE CITY.

Filed August 17, 1906.

### EDWIN M. WILMER, TO THE USE OF THOMAS F. CLARK,
### VS.
### HERMAN SCHIMINGER.

*Charles J. Wiener* for plaintiff.
*David Ash* for defendant.

PHELPS, J.—

Edwin M. Wilmer recovered a judgment for twenty dollars and twenty-eight cents, and a counsel fee of ten dollars as per contract against the defendant above named before a justice of the peace, which judgment was assigned to Thomas F. Clark, and duly